# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA PENNEY, | CASE NO. 1:11-cv-01922 GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| JON FRANCO, et al., | (ECF No. 1) |
| Defendants. | |

## Screening Order

### I.   Screening Requirement

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

1    506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

2    plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).

3    "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

4    grounds upon which it rests."  <u>Swierkiewicz</u>, 534 U.S. at 512.  However, "the liberal pleading

5    standard . . . applies only to a plaintiff's factual allegations."  <u>Neitze v. Williams</u>, 490 U.S. 319, 330

6    n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements

7    of the claim that were not initially pled."  <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257

8    (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

9    **II.    Plaintiff's Claims**

10          Plaintiff, an inmate in the custody of the U.S. Bureau of Prisons at the U.S. Penitentiary in

11    Inez, Kentucky, brings this civil rights action against defendant correctional officials employed by

12    the Bureau of Prisons at the U.S. Penitentiary at Atwater, California.  Plaintiff claims that he was

13    subjected to inadequate medical care such that it violated the Eighth Amendment prohibition on

14    cruel and unusual punishment.  Plaintiff names the following individual defendants: USP Atwater

15    Warden Hector Rios; Clinical Director Jon Franco; Lourdes Mettery; Nurse Practitioner James

16    Sorenson.  The events that give rise to this lawsuit occurred while Plaintiff was housed at Atwater.

17          Plaintiff alleges that, from June to November of 2008, he became extremely ill.  In mid-July,

18    Plaintiff submitted a sick call slip.  In response, Defendant Sorenson and C/O Melero came to

19    Plaintiff's cell (Plaintiff was on lockdown).  Plaintiff complained of fever, fatigue, chills, extreme

20    weakness, vision problems, hot flashes, and "a general feeling of sickness."  Sorenson explained that

21    it was a stomach flu, and it would pass.  On the 17th of July, Plaintiff personally handed Sorenson

22    a sick call slip.  The following Monday, Plaintiff submitted another sick call slip, because he had not

23    seen a doctor.  In August, Plaintiff's symptoms continued, including "a swelling between scrotum

24    and rectum & a numbing pain where swelling was located."  In September, Plaintiff's symptoms

25    continued.  Plaintiff alleges that "after three months" he was seen by Dr. Franco.  Plaintiff alleges

26    that Dr. Franco ordered a colonoscopy because of cancer concerns.

27          Plaintiff alleges that "around October 5 & 6, 2008," he was feeling extremely ill, and asked

28    C/O Garcia to call the medical clinic."  No medical staff appeared.  On October 7th, Plaintiff asked

1   C/O Dewitt to call medical.  Medical did not respond, and Plaintiff again asked C/O Garcia to get

2   help.  Garcia told Plaintiff that they were aware of the problem, and that he thought they had

3   responded.  Medical did not respond, and Plaintiff flooded his cell in order to get medical help.

4   Plaintiff was escorted to medical by Lt. Lepei and other officers.  Plaintiff was seen by Mid Level

5   Practitioner (MLP) Ogues.  Ogues "did a standard check up and stated 'everything was fine."

6       On October 9, 2008, a colonoscopy was performed, with negative results.  On October 16,

7   2008, Plaintiff was again seen by Dr. Franco,  "upon numerous complaints by Plaintiff of symptoms

8   still occurring after 3 months."  Prior to the colonoscopy, Dr. Franco had prescribed laxatives and

9   stool softeners.   On October 20, 2008, Plaintiff "began to experience tingling & pins & needle

10  sensations throughout body, especially genitals."  Plaintiff submitted another sick call request.  On

11  November 18, 2008, Plaintiff was seen by Defendant Sorenson, Sorenson told Plaintiff that the

12  symptoms could be the result of something growing on Plaintiff's nerves, possibly cancer.  Sorenson

13  told Plaintiff that he would order blood tests "for cancer."  Plaintiff believes tests were performed

14  for something else.

15      On December 2, 2008, Plaintiff filed a grievance against medical and was told that he would

16  be put on a "call-out" for medical.  On December 24, 2008, Plaintiff was again seen by Dr. Franco.

17  Plaintiff recited a lengthy list of symptoms, including "re-occurring sores in mouth, 2 small lumps

18  forming on each side of cheek, severe sharp pains in different parts of body, especially scrotum,

19  muscles spasms . . . and back pain."  Plaintiff alleges that he has HPV (a sexually transmitted

20  disease).  Dr. Franco indicated that he would order blood tests for lyme disease and anemia, and a

21  possible MRI follow up.  Plaintiff alleges that Dr. Franco declined to "put a camera down my

22  throat."  On January 20, 2009, the blood tests were done, and on February 11, 2009, an MRI was

23  performed.  Plaintiff complains that he continued to advise medical officials that he had a sexually

24  transmitted disease (HPV) that can lead to cancer.

25      **A.   Medical Care**

26      "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

27  must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096

28  (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part

test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).   Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Here, the Court finds Plaintiff's allegations to be vague.   Plaintiff alleges generally that Dr. Franco is not competent enough to diagnose Plaintiff, and has refused to send Plaintiff to a hospital. Plaintiff alleges that waiting 2-3 months to see a doctor is excessively long.  As to Defendant Sorenson, Plaintiff alleges that he "failed to act" when he saw Plaintiff on November 18, 2008. Plaintiff contends that because Sorenson told Plaintiff that his symptoms could have been cancer, and he did not order tests for cancer, he is deliberately indifferent.  Plaintiff alleges that the Warden condones the violation of the Eighth Amendment by allowing it to continue.   Plaintiff levels the conclusory allegation that Warden Rios is aware of Plaintiff's health problems, yet does little to address them.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also

4

1    by setting in motion a series of acts by others which the actor knows or reasonably should know

2    would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).

3         Plaintiff has clearly alleged that he suffers from objectively serious medical conditions.

4    Plaintiff has not, however, specifically alleged facts indicating that each of the defendants knew of

5    an objectively serious medical condition and acted with deliberate indifference to it.  That medical

6    officials did not prescribe the diagnostic tests that Plaintiff believes he needs does not subject them

7    to liability.  Defendants must be aware of an objectively serious medical condition - there must be

8    facts alleged indicating that defendants were aware of something other than Plaintiff's opinion.

9    Plaintiff can not state a claim by reciting his symptoms and complaining of inadequate medical care

10   in general.  Plaintiff must allege facts linking each defendant to actionable conduct.  Plaintiff has

11   failed to do so here.  The complaint must therefore be dismissed.

12        Further, under section 1983, Plaintiff must prove that the Defendants holding supervisory

13   positions personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930,

14   934 (9th Cir. 2002).  There is no respondeat superior liability, and each defendant is only liable for

15   his or her own misconduct.  Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009).  A supervisor may be held

16   liable for the constitutional violations of his or her subordinates only if he or she "participated in or

17   directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List,

18   880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011);

19   Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board

20   of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir.

21   1997).  Plaintiff has not done so here.

22        Plaintiff's complaint is therefore dismissed.  Plaintiff will, however, be granted leave to file

23   an amended complaint.  Plaintiff need not, however, set forth legal arguments in support of his

24   claims.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant,

25   describe where that defendant is employed and in what capacity, and explain how that defendant

26   acted under color of state law.   Plaintiff should state clearly, in his or her own words, what

27   happened.  Plaintiff must describe what each defendant, *by name*, did to violate the particular right

28   described by Plaintiff.

**III.    Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.    The Clerk's Office shall send to Plaintiff a complaint form;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.    Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.    If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:    December 4, 2012                    /s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE